United States District Court

For The District of Wyoming

FILED

5:09 pm, 9/12/24

U.S. Magistrate Judge

| | |
|---|---|
| Tim HAASE,<br><br>Plaintiff,<br><br>vs.<br><br>Olsi DINE, HLM TRANS. INC., AND POSITIVE TRANSPORTATION, LLC.,<br><br>Defendants. | Civil No. 2:23-cv-00091-ABJ |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [ECF 45].**

This matter is before the Court on Plaintiff's Motion for Leave to file *Third Amended Complaint* [ECF 45]. After careful consideration of the Motion, Defendants' Oppositions, and Plaintiff's Reply, and being otherwise fully advised in the premises, the Court FINDS the forthcoming:

## BACKGROUND

This case is originally before the Court on Plaintiff's Complaint containing a negligence claim, two charges of vicarious liability, and damages against Olsi Dine ("Dine"), HLM Trans., INC. ("HLM") (collectively, "Defendants"), and Positive Transportation, LLC.[1]

---

[1] On September 10, 2024, Plaintiff Tim Haase and Defendant Positive Transportation, LLC filed a Joint Notice of Settlement [ECF 53] with the Court stating Plaintiff's claims against Defendant Positive Transportation were resolved by settlement. Accordingly, this Order discusses Plaintiff's Motion [ECF 45], Defendants' Olsi Dine and HLM Trans Inc. Response [ECF 51], and Plaintiff's Reply [ECF 52].

Plaintiff filed his *Second Amended Complaint* on September 9, 2024, and alleged recovery for physical injuries, disability, past and future medical expenses, past and future loss of enjoyment of life, and past and future pain and suffering. *See* ECF 19.

On July 1, 2024, Defendants served interrogatories and Request for Production (RFPs) on Plaintiff. Two interrogatories related to the damages claimed, and the RFP sought W-2 forms. Specifically, interrogatory No. 5 asked Plaintiff to "identify and describe every category of damages" sought. Meanwhile, interrogatory No. 15 asked Plaintiff if he claims any "loss of wages, earnings, income, or earning capacity" because of the accident, and if so, to provide, among other things, the period in which Plaintiff claims loss of wages, Plaintiff's employer's name, and the amount that is claimed. ECF 45-5. Plaintiff answered both interrogatories completely, and Plaintiff provided a W-2 for each year between 2019 and 2023 in response to Dine and HLM's RFP. ECF 45-6. Discovery in this matter closed on July 26, 2024.

In the Motion at issue, Plaintiff seeks leave of court to amend his *second amended complaint* by adding lost wages to his damages claim.

## **RELEVANT LAW**

Rule 15 of the Federal Rules of Civil Procedure generally governs amendments to pleadings. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). As a matter of course, a party may amend its pleading once within twenty-one days of service or twenty-one days after service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). After this time has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, and that decision is within the discretion of the trial court. Fed.

R. Civ. P. 15(a); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

The Tenth Circuit abides by a liberal standard when determining whether leave to amend a pleading should be given. *Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 236, 238 (D. N.M. 2005) (simplified). The liberal policy of granting motions to amend reinforces the basic principle that pleadings should enable a claim to be heard on its merits. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). A court may, however, deny leave to amend for undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party because of the amendment, or futility. *See Id.* at 182.

### RULING OF THE COURT

Defendants raise undue delay and undue prejudice in opposition to Plaintiff's motion. ECF 51. Each issue is discussed below.

### Undue Delay

It is well-established in this Circuit that undue delay is a valid reason for denying a motion to amend. *See e.g.*, *Foman*, 371 U.S. at 182; *Spreitzer v. Deutsche Nat'l Trust Co.*, 610 Fed. Appx. 737, 741 (10th Cir. 2015); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205–06 (10th Cir. 2006); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993); *Castleglen, Inc.,* 984 F.2d at 1585. Yet, delay or "lateness" alone does not justify denying the motion. *See Minter*, 451 F.3d at 1205. "At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id. citing USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) (simplified). Courts in the Tenth Circuit, instead of focusing on "delay" look

to the moving party's explanation of the delay to determine whether it rises to undue delay. *Id*. at 1206.

Defendants argue that Plaintiff's "inadvertent omission" should rise to undue delay, will result in undue prejudice, and burden the Court by forcing it to re-open discovery. ECF 51. The Court disagrees. Federal courts sitting in diversity jurisdiction apply state substantive law of the forum state. *E.g.*, *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765-66 (10th Cir. 2021). Lost earnings, under Wyoming law, are an element of damages in personal injury cases. *E.g.*, *Stocki v. Nunn*, 2015 WY 75, ¶ 72, 351 P.3d 911, 931(Wyo. 2015).

Defendants point to *Ekberg v. Sharp*, 2003 WY 123, 76 P.3d 1250 (Wyo. 2003) in support of their argument. In a contract dispute, the plaintiff in *Ekberg* sued to compel the defendant to honor an option-to-purchase real property. *Ekberg*, 76 P.3d at 1252. A week after discovery closed and three weeks before trial, the plaintiff sought to amend his complaint to add "theories for loss of business income and loss of use of enjoyment of the property damages[.]" *Ekberg*, 76 P.3d at 1255. Plaintiff said he could not have contemplated such damages at the time the case was filed. *Id*. at 1254. That court disagreed and held that the plaintiff should have contemplated these damages at the outset, and that adding these two theories would unduly prejudice the defendant and would "occasion the need for significantly more discovery and substantial delay" in the case. *Id*. at 1255. Certainly, the scenario in *Ekberg* to the issue of timing is like the instant action; but the facts are distinguishable.

Here, Defendants are correct that Plaintiff has been "peculiarly aware of his intention to seek lost earnings since commencing this action." *See* ECF 51 *citing McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (Holding plaintiff knew all necessary information on which the motion to amend the complaint is based, thus, denial was proper.)

4

*Id*. But Defendants neglect the fact that they too knew that Plaintiff sought lost wages before the end of the discovery deadline.

On July 1, 2024, Defendants propounded interrogatories and RFPs on Plaintiff asking him if he was seeking loss of earnings damages. *See* ECF 45-5. Plaintiff responded affirmatively and produced W-2s spanning 2019 to 2023 to Defendants. Unlike *McKnight*, where granting the plaintiff's motion to amend would have caused the need for multiple depositions from key witnesses, this case does not pose the same risk. *See* 149 F.3d at 1130. Under these facts, Defendant knew that Plaintiff sought these damages; demonstrated their knowledge by seeking discovery regarding Plaintiff's potential lost wages and could have resolved any confusion by contacting opposing counsel to clarify, or by filing a motion under Fed. R. Civ. P. 12(e). In fact, Defendants conducted a fair amount of discovery on these very damages and were well aware that Plaintiff intended to pursue them.

In short, Plaintiff's omission of loss earnings does not rise to "undue delay."

**<u>Undue Prejudice</u>**

Next, Defendants contend that if Plaintiff's motion is granted, then Defendants will be denied due process by not having "the opportunity to explore the veracity of Plaintiff's loss earnings claim." ECF 51.

When ruling on a motion to amend, whether the non-movant will be prejudiced is the key factor. *See Zenith Radio Corp.*, 401 U.S. at 330-31. "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (simplified). The party opposing the amendment has the burden of demonstrating undue prejudice within the meaning of Rule 15, and "[w]hile any amendment invariably causes some practical prejudice, undue prejudice

5

means that the amendment would work an injustice to the defendants." *Koehler v. Freightquote.com, Inc.*, No. 12-2505-KHV-GLR, 2013 WL 3878170, at *3 (D. Kan. July 26, 2013) (simplified).

The Court finds the filing of Plaintiff's *Third Amended Complaint* would not cause any undue prejudice. Prejudice is found "only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Velocity Press v. Key Bank, NA*, 570 Fed. Appx. 783, 788 *citing Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (simplified). Defendants forecast a burden on the Court to reopen discovery, which may be the case. But the "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Est. of Lillis v. Correct Care Sols., LLC*, No. 16-CV-03038-KLM, 2018 WL 10954152, at *3 (D. Colo. Oct. 22, 2018) (simplified). Any additional discovery in this matter would not be extensive and could be accomplished in a relatively short time period.

Although Plaintiff filed his *Second Amended Complaint* over a year ago, based on the facts, the Court finds no prejudice.[2]

Should Defendants require more discovery, the Court will consider any reasonable and non-burdensome requests to ensure Defendants have every opportunity to litigate this action fully and completely. See Bylin, 568 F.3d at 1229 ("Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their [response] to the amendment.") (simplified).

---

[2] As established above, loss earnings are an element to damages, not a claim. *See Stocki v. Nunn*, 2015 WY 75, ¶ 72, 351 P.3d 911, 931(Wyo. 2015)

## CONCLUSION

The grant or denial of leave to amend is within the sound discretion of the court. *T.V. Communications, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir. 1992). However, according to the Tenth Circuit Court of Appeals, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank*, 3 F.3d at 1365. Additionally, the Tenth Circuit has emphasized the purpose of Rule 15(a) of the Federal Rules of Civil Procedure "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204. Plaintiff's request to amend is not untimely and will not cause undue prejudice. The Court will consider any reasonable accommodation requests, if necessary, to ensure Defendants have every opportunity to fully and completely litigate this action.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion for Leave to File *Third Amended Complaint* [ECF 45], is GRANTED.

IT IS FURTHER ORDERED that Plaintiff file a *Third Amended Complaint* within three business days of the filing of this Order.

Dated this 12th day of September 2024.

_Stephanie Hambrick_
Stephanie A. Hambrick
U.S. Magistrate Judge